# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>        Plaintiff,<br><br>   vs.<br><br>D. CROUNSE, et al.,<br><br>        Defendants. | 1:19-cv-00550-NONE-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR VIOLATION OF RULE 8(a) AND FAILURE TO STATE A § 1983 CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 1.)**<br><br>**THIRTY-DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT** |

## I.   BACKGROUND

William Rouser ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 22, 2019, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On April 29, 2019, the case was transferred to this court.  (ECF No. 6.)

The Complaint is now before the court for screening.  28 U.S.C. § 1915.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

## III.   SUMMARY OF ALLEGATIONS IN THE COMPLAINT

Plaintiff is presently incarcerated at the California Medical Facility in Vacaville, California.  The events at issue in the Complaint allegedly occurred at the California Correctional Institution in Tehachapi, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Lieutenant C. Crounse, Correctional Officer S. Vasquez, W.J. Sullivan (Warden), and Danielle R. Hemple (Deputy Attorney General) (collectively, "Defendants").  A summary of Plaintiff's allegations follows:

Plaintiff's allegations are difficult to decipher.  The gravamen of the Complaint is that Plaintiff was charged with possession of a firearm, issued a form 115 disciplinary report, and found guilty by defendant Lieutenant D. Crounse at a hearing without Plaintiff present resulting

in a change in his Minimum Eligible Parole Release Date, which will affect his upcoming Board hearing.  The hearing was based on false reports and Plaintiff was denied witnesses.  Plaintiff was transferred to Kern Valley administrative segregation the next day.

As relief, Plaintiff requests monetary damages and dismissal of the form 115 report.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles

the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Rule 8(a) of the Federal Rules of Civil Procedure

Plaintiff's Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure, which requires complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. <u>See</u> <u>id.</u> (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. <u>See</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, <u>Iqbal</u>, 556 U.S. at 678 (quotation marks omitted); <u>Moss</u>, 572 F.3d at 969.

Here, Plaintiff's Complaint is largely illegible due to the quality of the handwriting and complete lack of clarity. In its present state the Complaint fails to give the defendants fair notice of Plaintiff's claim and the grounds upon which it rests. The court shall dismiss Plaintiff's Complaint for violation of Rule 8(a), and Plaintiff shall be granted leave to file an amended complaint curing this deficiency.

### B.   This Case is not Heck-Barred

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert.</u> <u>denied</u> 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, the court record shows that Plaintiff filed a petition for writ of habeas corpus on May 23, 2018, challenging the results of a rules violation report for possession of a weapon claiming the proceedings failed to satisfy due process requirements, for which he was found guilty resulting in a loss of credits for Plaintiff.  (See Rouser v. Unknown, No. 2:18-cv-01358-JAM-EFB (E.D. Cal.), ECF No. 1.)[1]  Findings and recommendations were entered by the assigned magistrate judge on October 18, 2018, finding that the petition must be dismissed:

> A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983.  Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016).  In this case, restoration of petitioner's lost credits would not guarantee petitioner's earlier release from prison, as he is serving an indeterminate life sentence.  See Rouser v. California, No. 2:10-cv-2437-MCE-CKD (E.D. Cal.), ECF No. 20 at 2 ("On November 17, 1995, petitioner was sentenced to an indeterminate term of fifty-seven years to life").  Petitioner's claims, therefore, do not fall within the "core of habeas corpus."  As there is no basis for finding habeas jurisdiction over petitioner's due process claims, the petition must be dismissed.  (ECF No. 12 at 2.)

On December 19, 2018, the assigned district judge adopted the findings and recommendations in full and dismissed the petition for writ of habeas corpus "without prejudice to filing a new action pursuant to 42 U.S.C. § 1983."  (ECF No. 14.)

///

///

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Approximately four months later, on April 22, 2019, Plaintiff filed the § 1983 case that is now before the court.  Based on these facts the court finds that this case is properly brought as a § 1983 case and is not barred by Heck.

### C.   Due Process – Fourteenth Amendment Claim

The Due Process Clause protects prisoners from being deprived of life, liberty, and property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481–84, 115 S.Ct. 2293 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation.  Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003).  "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken."  Id. These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest . . . ."  Id. (citations omitted).

There is no due process right to be free from false disciplinary charges.  The falsification of a disciplinary report does not state a standalone constitutional claim.  Canovas v. California Dept. of Corrections, 2:14–cv–2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12–cv–2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012).  There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  Sprouse v. Babcock, 870 F.2d 450,

452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue.   The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)).   Therefore, Plaintiff has no protected liberty interest against false reports against him or having false information in his file.

Plaintiff does not have a protected liberty interest in the loss of good time credits.   Gibbs v. Sanchez, No. CV 16-9013-RGK (PLA), 2019 WL 3059579, at *7 (C.D. Cal. Apr. 26, 2019), report and recommendation adopted, No. CV 16-9013-RGK (PLA), 2019 WL 4266518 (C.D. Cal. June 21, 2019) (quotation marks omitted).   To be sure, following Sandin, the Ninth Circuit has held that a state can create a protected liberty interest in a shortened prison sentence resulting from the loss of good time credits.   Id. (quotation marks omitted) (citing see, e.g., Gotcher v. Wood, 66 F.3d 1097, 1100 (9th Cir.1995), vacated and remanded on other grounds, 520 U.S. 1238, 117 S. Ct. 1840, 137 L. Ed. 2d 1045 (1997); see also Wolff, 418 U.S. at 557 (holding that inmate who faces loss of state-created liberty interest such as good time credits is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated")).   However, where, as here, a prisoner is serving a life sentence, "the loss of credits has never been held as a protectable liberty interest because the effect of the state action on the inmate's sentence is a key component of the [Sandin] inquiry, and a loss of credit has no effect on a life sentence." Gibbs 2019 WL 3059579, at *6 (quoting Davis v. Gonzalez, 2014 WL 658084, at *10 (C.D. Cal. Feb. 12, 2014); see also Sandin, 515 U.S. at 487 ("Nor does [the prisoner's] situation present a case where the State's action will inevitably affect the duration of his sentence.")).

In California, "[c]redits earned by an inmate serving an indeterminate life sentence with the possibility of parole, . . . go toward advancing only the inmate's MEPD [Minimum Eligible Parole Release Date], i.e., the earliest date on which he could legally be released on parole," Roberts v. Warden, 2017 WL 5956666, at *4 (C.D. Cal. 2017), but they "have no real impact on

the actual sentence eventually set . . . or on [the inmate's] eventual release date on parole, should that time ever come," Roman v. Knowles, 2011 WL 3741012, at *12 n.9 (S.D. Cal. 2011) (noting that the MEPD "does not set an actual parole release date. Rather, [it] determines when [a prisoner] may appear before the Board of Parole Hearings (BPH) for his first parole suitability hearing. The BPH, in turn, has the exclusive authority to grant plaintiff parole and set any actual parole release date.").  Armenta v. Paramo, No. 316CV02931BTMKSC, 2018 WL 4612662, at *8 (S.D. Cal. Sept. 25, 2018) *report and recommendation adopted,* 2011 WL 3741007 (S.D. Cal. 2011) (quotation marks omitted).  "A California prisoner's 'concern about future parole hearings based on [the] "collateral consequences" ' of a disciplinary conviction 'is speculative and cannot support a liberty interest.' "  Armenta, 2018 WL 4612662, at *8 (quoting Slaughter v. Cate, 2014 WL 5474025, at *5 (N.D. Cal. 2014) (citing Sandin, 515 U.S. at 487) (although disciplinary conviction may not help inmate seeking release on parole, it is only one of "myriad of considerations" relevant to parole decision and does not inevitably affect the length of the prisoner's sentence) (citing Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003)).

Based on the foregoing, the court finds that Plaintiff fails to state a due process claim under the Fourteenth Amendment.  However, Plaintiff shall be granted leave to file an amended complaint curing the deficiencies found in this claim by the court.

## V.    CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the Defendants for violating his constitutional or other federal rights.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Therefore, Plaintiff shall be granted leave to amend the complaint.  The court will provide Plaintiff with thirty days to file a First Amended Complaint curing the deficiencies identified above.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff must set

forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).

Plaintiff must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant is involved.

Plaintiff may not change the nature of this suit by adding unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Also, Plaintiff is not granted leave to add allegations to the amended complaint of events that occurred after July 3, 2019, the date the original Complaint was filed.

As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Complaint, filed on April 22, 2019, is DISMISSED for violation of Rule 8(a) and failure to state a claim upon which relief may be granted under § 1983, with leave to amend;

2.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.   Within thirty days from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies in the Complaint identified by the court;

4.   Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00550-NONE-GSA-PC; and

5.      Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   __**July 29, 2020**__                _____**/s/ Gary S. Austin**__
                                                        UNITED STATES MAGISTRATE JUDGE