# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>    Plaintiff,<br><br>    vs.<br><br>D. CROUNSE, et al.,<br><br>    Defendants. | 1:19-cv-00550-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 17.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I.     BACKGROUND

William Rouser ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 22, 2019, Plaintiff filed the Complaint commencing this action in the Sacramento Division of the United States District Court for the Eastern District of California.  (ECF No. 1.)  On April 29, 2019, the case was transferred to this court.  (ECF No. 6.)

On July 30, 2020, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 15.). On August 19, 2020, Plaintiff filed the First Amended Complaint. (ECF No. 17.)

The First Amended Complaint is now before the court for screening. 28 U.S.C. § 1915.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///
///
///

### III. SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Medical Facility in Vacaville, California. The events at issue in the First Amended Complaint allegedly occurred at the California Correctional Institution in Tehachapi, California, when Plaintiff was incarcerated there. Plaintiff names as defendants Lieutenant C. Crounse, Correctional Officer S. Vasquez, W.J. Sullivan (Warden), and Danielle R. Hemple (Deputy Attorney General) (collectively, "Defendants").

Plaintiff has omitted facts from the First Amended Complaint that were included in his original Complaint. Plaintiff is reminded that each amended complaint supercedes every prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), aff'd, 525 U.S. 299, 119 S.Ct. 710, 142 L.Ed.2d 753 (1999); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567; accord Forsyth, 114 F.3d at 1474. The Court cannot look to prior complaints, which have been dismissed, for facts or allegations omitted from the current complaint. Each amended complaint must allege all claims and set forth all facts that Plaintiff wishes to include in the case.

The gravamen of the First Amended Complaint is that Plaintiff's cell was searched and a knife was found in his mattress. Plaintiff was charged with possession of a weapon, issued a form 115 disciplinary report, and found guilty by defendant Lieutenant D. Crounse at a hearing without Plaintiff present. Plaintiff alleges the hearing was based on false reports and he was denied witnesses and evidence. Plaintiff was transferred to Kern Valley State Prison administrative segregation the day after the hearing.

A summary of Plaintiff's allegations in the First Amended Complaint follows:

Defendant Lt. Crounse refused to allow Plaintiff to participate at his 115 hearing telling Plaintiff he would not allow Plaintiff to call his officers liars. Plaintiff then gave defendant Crounse two sworn declarations, and Crounse postponed the hearing. Plaintiff immediately

///

wrote to defendant Hemple and told her he was sent to administrative segregation at Kern Valley State Prison the next day, without any hearing.

Plaintiff was denied evidence that the cell was searched after the last people moved out and before Plaintiff moved in, pursuant to Title 15 Rules. Plaintiff was not given any pictures of the 3-inch knife found in his brand new mattress. The mattress did not have holes in it or any thread missing. Plaintiff was also denied witnesses. Title 15 states that Plaintiff was required to be present at his disciplinary hearing unless he refused or was not mentally able. Under Title 15, if Plaintiff had searched the mattress, it would have been a felony. The investigative officer denied Plaintiff evidence and falsified the investigative report.

A week before the hearing Plaintiff wrote out a list of questions and evidence for the hearing, for the investigative employee, and sent a copy to defendant Deputy Attorney General (DAG) Danielle R. Hemple and her supervisor Gretchen Beuchesenshatz [not a defendant]. This was a criminal investigation picked up by the Kern County D.A. When Plaintiff gave defendant Vasquez a copy, Plaintiff told Vasquez he had sent the original to them. Plaintiff was denied evidence of the cell search slip, which never appeared, and the name of the officer who did the search. Plaintiff was denied pictures of the mattress where the alleged weapon was found and denied due process and equal protection.

Plaintiff kept Defendant aware of everything before and after the hearing. When Plaintiff gave his lawyer a motion to file for certain evidence, it was dismissed. Defendant Hemple is an officer of the court and was aware of the constitutional violations by those who denied Plaintiff and did nothing. Plaintiff sent Defendant Sullivan copies of all declarations making sure he knew about the violations by Defendants Crounse and Vasquez. Defendant denied Plaintiff's appeal (grievance) at the second level of review. Officials and employees who know of a constitutional violation may be held liable if they do nothing about it. Plaintiff had no questions for staff since this was an actual criminal investigation. Defendant committed the crimes of a false report as well as denying Plaintiff all rights of due process.

As relief, Plaintiff requests monetary damages and removal of the disciplinary report.

///

IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Graham v. Connor, 490 U.S. 386, 39*3-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."  Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."  Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

///

A.     **This Case is not Heck-Barred**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

Here, the court record shows that Plaintiff filed a petition for writ of habeas corpus on May 23, 2018, challenging the results of a rules violation report for possession of a weapon, claiming the proceedings failed to satisfy due process requirements, for which he was found guilty, resulting in a loss of credits for Plaintiff. (See Rouser v. Unknown, No. 2:18-cv-01358-JAM-EFB (E.D. Cal.), ECF No. 1.)[1] Findings and recommendations were entered by the assigned magistrate judge on October 18, 2018, finding that the petition must be dismissed:

> A prisoner's claim which, if successful, would not necessarily lead to immediate or speedier release falls outside the "core of habeas corpus" and must be pursued in an action brought pursuant to 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016). In this case, restoration of petitioner's lost credits would not guarantee petitioner's earlier release from prison, as he is serving an indeterminate life sentence. See Rouser v. California, No. 2:10-cv-2437-MCE-CKD (E.D. Cal.), ECF No. 20 at 2 ("On November 17, 1995, petitioner was sentenced to an indeterminate term of fifty-seven years to life"). Petitioner's claims, therefore,

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

do not fall within the "core of habeas corpus." As there is no basis for finding habeas jurisdiction over petitioner's due process claims, the petition must be dismissed. (ECF No. 12 at 2.)

On December 19, 2018, the district judge assigned to the case adopted the findings and recommendations in full and dismissed the petition for writ of habeas corpus "without prejudice to filing a new action pursuant to 42 U.S.C. § 1983." (ECF No. 14.)

Approximately four months later, on April 22, 2019, Plaintiff filed the § 1983 case that is now before the court. Based on these facts, the court finds that this case is properly brought as a § 1983 case and is not barred by Heck.

**B.      Due Process – Fourteenth Amendment Claim**

The Due Process Clause protects prisoners from being deprived of life, liberty, and property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).

Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84, 115 S.Ct. 2293 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). To determine whether an atypical and significant hardship was imposed, the court may consider "1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (citations omitted).

///

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." Id. These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest . . . ." Id. (citations omitted).

There is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a standalone constitutional claim. Canovas v. California Dept. of Corrections, 2:14–cv–2004 KJN P, 2014 WL 5699750, n.2 (E.D. Cal. 2014); see e.g., Lee v. Whitten, 2:12–cv–2104 GEB KJN P, 2012 WL 4468420, *4 (E.D. Cal. 2012). There is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986)). "Specifically, the fact that a prisoner may have been innocent of disciplinary charges brought against him and incorrectly held in administrative segregation does not raise a due process issue. The Constitution demands due process, not error-free decision-making." Jones v. Woodward, 2015 WL 1014257, *2 (E.D. Cal. 2015) (citing Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)). Therefore, Plaintiff has no protected liberty interest against false reports against him or having false information in his file.

Plaintiff alleges that the day after the hearing he was transferred to administrative segregation at another prison. With few exceptions, none which are applicable here, Plaintiff has no protected liberty interest in not being transferred to another prison. Plaintiff does not have a right to be housed in any particular prison. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (conviction sufficiently extinguishes prisoner's liberty interest and empowers the state to confine him in any of its prisons; no liberty interest protect by the Due Process Clause is implicated in a prison's reclassification and transfer decisions). Nor does the Due Process Clause itself confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68; see also May v. Baldwin, 109 F.3d

557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Plaintiff has not alleged in the First Amended Complaint that he was deprived of any liberty, property, or privileges as a result of the guilty finding against him that constituted an atypical and significant hardship in relation to the ordinary incidents of prison life.

Based on the foregoing, the court finds that Plaintiff fails to state a due process claim under the Fourteenth Amendment.

### C. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano, 345 F.3d at 108203), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate

///

state purpose. Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### D. Prison Appeals Process

Plaintiff alleges that Defendants who had knowledge of Plaintiff's claims because they responded to his prison appeals are liable for damages suffered by Plaintiff. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996).; Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D. Cal. Feb. 21, 2017). Therefore, Defendants are not liable for the constitutional violations against Plaintiff simply because of their knowledge from processing or responding to Plaintiff's appeals. Plaintiff fails to state a cognizable claim based on Defendants' actions in reviewing appeals.

### E. Defendants Sullivan and Hemple – No Personal Participation

Plaintiff alleges that he kept defendants Deputy Attorney General Hemple and Warden Sullivan informed about the constitutional violations against him, contending that they had an obligation to act on that knowledge. However, Plaintiff fails to allege facts in the First Amended Complaint showing that defendants Hemple or Sullivan personally acted against him to violate his constitutional rights. As discussed above, the argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible" Greeno, 414 F.3d at 656-57 accord George, 507 F.3d at 609-10; Reed, 178 F.3d at 851-52; Vance, 97 F.3d at 992-93; Haney, 2017 WL 698318, at *4–5. Defendants Sullivan and Hemple are not liable for the constitutional violations against Plaintiff simply because they know about the violations, and

they are not obligated to act on their knowledge.  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Therefore, Plaintiff fails to state a claim against Defendants Sullivan and Hemple.

   F.   **Violation of Title 15**

Plaintiff alleges that Defendants violated Title 15 of the California Code of Regulations.  This is a state law claim.  Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983.  Section 1983 does not provide a cause of action for violations of state law.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  In this instance, the Court fails to find any cognizable federal claims in the Complaint.

Plaintiff is also advised that the Government Claims Act requires exhaustion of state law claims with California's Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not done so.

Therefore, Plaintiff's state law claims fail.

**V.      RECOMMENDATIONS AND CONCLUSION**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the First Amended Complaint against any of the Defendants.  Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983.

The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim.[2]  "A district court may deny leave to amend when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.    This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2.    The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

---

[2] Plaintiff omitted some facts from the First Amended Complaint that were alleged in the original Complaint.  In the original Complaint, he alleged that he lost good time credits as a result of the guilty finding against him, which affected his Minimum Eligible Parole Release Date and would affect his upcoming Board hearing.  He also submitted evidence that he is serving an indeterminate life sentence.  In the first screening order, the court found that because of his sentence, the loss of credits was not a protectable liberty interest, and advancement of his MEPD could not support a liberty interest.  (ECF No. 15 at 7:8-28 – 8:14.)  The court finds that it would be futile to allow Plaintiff leave to amend to reinstate the omitted facts.

time may result in waiver of the right to appeal the district court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **August 24, 2020**            **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE